William F. Newman, Plaintiff in Error, v. New York Life Insurance Company, Defendant in Error.

Gen. No. 8,748.

Opinion filed January 12, 1934.

LEMON & JORDAN, LOUIS O. WILLIAMS and EMERSON M. WILLIAMS, for plaintiff in error; LOUIS O. WILLIAMS and EMERSON M. WILLIAMS, of counsel.

SCOTT, MACLEISH & FALK and HERRICK & HERRICK, for defendant in error; HOMER H. COOPER, WENDELL J. BROWN and JOHN F. MCCARTHY, of counsel.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

W. F. Newman, the plaintiff in error, sued the defendant in error, New York Life Insurance Company, in the circuit court of DeWitt county to recover the sum of $1,000 and interest alleged to be due him ac-

cording to the terms of an insurance policy issued by the defendant in error company which the insured received from the company May 3, 1929. The policy was made payable to the husband of the insured, who is the plaintiff in error herein. The insured died on July 3, 1929; and the defendant in error refused to pay on the ground that the first premium payable on the policy had not been paid during the lifetime of the insured, as required by the provisions of the policy; and because the insured had consulted a physician; and had been treated by him since the medical examination which was made at the time of her application for the insurance.

It is contended by the defendant in error that the policy was invalidated because of the foregoing facts.

The plaintiff in error makes the following statement of undisputed facts, in the chronological order of their occurrence, with reference to the issuance of the policy in question:

"On the 15th day of March, 1929, Charles H. Leas, an agent for the Defendant in Error corporation, visited the home of the plaintiff and his then wife, who is now deceased, at their farm home between Kenney and Maroa, Illinois, and solicited them to each make application for a policy of insurance in the Defendant in Error corporation which each of them did.

"On March 30, 1929, the decedent, Sudie M. Newman, was examined by Dr. Blome at his office in Kenney at the request of the agent for the Defendant in Error, Mr. Leas. The doctor, as a part of the examination, made a urinalysis, and found a slight trace of albumin in the urine. The report of this examination was forwarded by Dr. Blome to Mr. Leas, the agent for the insurance company at Decatur, Illinois, and by him forwarded to the Home Office of the Defendant in Error in New York City.

"At the time Mrs. Newman made application for the insurance, at her nearest birthday she was 35 years old. Upon examination of the application by the medical examiner for the defendant corporation at the home office, she was classified as a sub-standard risk, and her age was 'rated-up' or advanced seven years for the purpose of determining the amount of the premium on the policy which she should pay; that is, she was required to pay the same premium that she would have paid at the age of forty-two years by reason of the fact that under her medical examination she was classified as a sub-normal risk. After the examination of the report of the local medical examiner by the company at the home office the premium on the policy of Mrs. Newman was advanced in the sum of $7.28.

"At the time the applications for the two policies were taken by Mr. Leas, Mr. and Mrs. Newman gave their joint and several notes for the payment of the annual premiums.

"After the policy on the life of Sudie M. Newman had been 'rated-up' as to age, making her insurable age forty-two years, Mr. Leas, the agent of the company, had Mr. and Mrs. Newman give him a new note for the joint premiums on both the policies and included therein the additional premium on the policy of Mrs. Newman caused by the 'rating up' as to her age. This note was payable to C. H. Leas for $98.35, dated May 1, 1929, payable at the Millikin National Bank, at Decatur, Illinois, with interest at 7% per annum, on or before six months after date.

"At the time of taking the notes, Mr. Leas, acting as agent for the defendant corporation, and in its name, gave a receipt to Sudie M. Newman for the payment of the annual premium in full upon her policy. The policy in question on the life of Mrs. Newman arrived from the home office at the District Office in

Decatur on May 1, 1929, and was on that day forwarded to Mrs. Newman by United States mail at Kenney, Illinois. She received the policy on the second or third day of May and it was in her possession until the date of her death, which occurred on July 3, 1929, when she died from an operation to remove a tumor from her uterus.''

Upon the trial of the case, and at the conclusion of all the evidence, on motion of counsel for the defendant in error, the court directed the jury to return a verdict finding the issues in favor of the defendant in error; and the jury returned their verdict in accordance with the court's instructions. Judgment was thereupon rendered in bar of the plaintiff's right to recover; and this writ of error is prosecuted to reverse the judgment.

The only question presented for review is the legal propriety of the directing of the verdict for the defendant in error. With reference to this matter, the evidence in the record discloses that Charles H. Leas, who procured the insurance policy in question for the defendant in error company, was the general agent of the company for the purpose of procuring such insurance; and was acting as such in procuring the insurance in question. Furthermore, that acting as such agent, he collected the first premium by taking in payment therefor a promissory note made by the beneficiary which he had made payable to himself as the agent of the company. It is clearly settled as a matter of law that the payment of the premium made in the manner mentioned was a payment to the defendant in error company; and that the defendant in error company was bound by it; and could not afterwards invalidate or forfeit the policy, even though the note was not paid at maturity; or remained unpaid at the time of the death of the insured. *Hancock Mut. Life Ins. Co. v. Schlink,* 175 Ill. 284; *Mutual Life Ins. Co. of*

*New York v. Allen,* 113 Ill. App. 89, 95, aff'd 212 Ill. 134.

Concerning the matter of the consultations and treatments by a physician, the evidence shows that the insured went to Dr. McLean on several occasions, after her application for the insurance had been made, to consult him, because she was suffering from headaches and dizziness; and the doctor prescribed sedative medicine on each occasion; but the evidence also shows, as herein stated, that the insured on account of her physical condition at the time she made her application for the policy, was not accepted by the defendant in error as a regular, standard risk, but was accepted by the defendant in error company as a "sub-standard risk"; and that the company charged her an additional premium of $7.28 per annum therefor. The headaches and dizziness from which she suffered at times may have been a natural incident, or resulted from the physical condition for which the defendant in error company received the additional premium; and there is no evidence in the record tending to prove the contrary. In this state of the proofs, the consultations and treatments referred to could not be regarded as a violation of the terms of the policy; but the company must be regarded as having waived its legal right to invalidate the policy on that account. Whether or not the insured's headaches and dizziness were a natural incident to the substandard condition, or resulted therefrom, was a question of fact for the jury; and not of law for the court to determine. We conclude, therefore, that the court erred in directing the verdict for the defendant in error; and rendering a judgment in bar of the plaintiff in error's right to recover. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*